```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,
                                              04-CR-6179T

          v.                                  DECISION
                                              and ORDER
JAMES McCLOUD,

               Defendant.
_____
```

## INTRODUCTION

Defendant James McCloud ("McCloud") is charged in a four-count Indictment with possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(I); possession with intent to distribute 5 grams or more of cocaine base in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B); possession with intent to distribute marijuana in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(D); and possession of a firearm by a person having been previously convicted of a crime punishable by a term of imprisonment exceeding one year, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).

On September 15, 2005, the defendant filed an omnibus motion seeking, <u>inter alia</u>, suppression of evidence seized from 56 Garfield Street in the City of Rochester, New York, pursuant to a "no-knock" search warrant issued by Monroe County Court Judge Richard Keenan. Among other arguments, McCloud contends that there was no basis for issuing a no-knock search warrant, and therefore

the evidence seized pursuant to the search warrant should be suppressed.

By Order dated December 17, 2004, this case was referred to Magistrate Judge Marian W. Payson for pretrial proceedings. Pursuant to that Order, on November 3, 2005, Judge Payson held a hearing on defendant's motion to suppress. On February 10, 2006, Judge Payson issued a Report and Recommendation recommending that defendant's motion to suppress be denied. Specifically, Judge Payson determined that there was a sufficient basis in the search warrant application presented to Judge Keenan to warrant the issuance of a no-knock search warrant. See February 10, 2006 Decision and Order at p. 13. In the alternative, Judge Payson, relying on a case decided by the Honorable Charles Siragusa of this court, determined that even if the warrant application did not justify the issuance of a no-knock warrant, the officers executing the warrant properly relied in good faith on the validity of the warrant, and accordingly, pursuant to the "good-faith" exception to the exclusionary rule set forth in United States v. Leon, 468 U.S. 879 (1984), the search of 56 Garfield Street was valid.

By Objection filed March 17, 2006, McCloud objects to Judge Payson's Report and Recommendation on grounds that the affidavit supporting the application for the search warrant failed to identify a particularized need for a no-knock entry, and therefore, the warrant was invalid. McCloud also contends that Judge Payson

improperly relied on <u>Leon</u> in determining that the good-faith exception applied in this case.

For the reasons set forth below, I affirm and adopt Judge Payson's Report and Recommendation in its entirety, and deny defendant's motions to suppress.

STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1), after the filing of a Report and Recommendation, any party may serve and file written objections to such proposed findings and recommendations. After such filing,

> [a] judge of the court shall make a de novo determination of those portions of the report or specified proposed finding or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate.

28 U.S.C. § 636(b)(1). A district court, however, may not reject the credibility findings of a Magistrate Judge without conducting an evidentiary hearing in which the district court has the opportunity to observe and evaluate witness credibility in the first instance. <u>Cullen v. United States</u>, 194 F.3d 401 (2nd Cir. 1999). I apply these standards to the following analysis.

BACKGROUND

The relevant facts of this case were set forth in Judge Payson's Report and Recommendation, and familiarity with those facts is presumed. In summary, McCloud was arrested following a

3

search of 56 Garfield Street conducted pursuant to a no-knock search warrant issued by Judge Keenan.  The warrant was issued upon the application of City of Rochester Police Officer Aaron Springer.  Officer Springer indicated in the warrant application that pursuant to his investigation of drug activity occurring at 56 Garfield Street, he worked with a confidential informant or informants who conducted two controlled buys of $40.00 worth of cocaine at that address.  In each case, the informants went into the residence at 56 Garfield Street, and purchased four small bags of cocaine.

In addition to the factual information contained in the warrant application, Officer Springer requested the issuance of a no-knock warrant on grounds that in his experience as an officer, illegal drugs that are the subject of a search warrant are often easily disposed of, secreted, or destroyed if the occupants of the property to be searched are given advanced warning by a "knock and announce" of an impending search. Specifically, Springer stated in his affidavit that "the property sought to be seized may be easily disposed of or destroyed.  Based on your deponent's experience, dealers of controlled substances and/or marijuana often flush said substances down the toilet or have predetermined hiding places in order to keep said substances from being seized by executing Police Officers." Affidavit of Officer Aaron Springer at ¶ 6.  Judge Keenan issued the no-knock warrant for 56 Garfield Street, and

pursuant to the search of the residence, quantities of drugs and weapons were found, resulting in the instant charges.

## DISCUSSION

The defendant seeks suppression of the evidence found at 56 Garfield Street on grounds that the warrant application did not sufficiently identify with particularity facts that would justify the issuance of a no-knock search warrant. McCloud argues that because Officer Springer used only "boilerplate" language to support his request for a no-knock warrant, the application, and ultimately the warrant issuing from the application, run afoul of the Supreme Court's requirements for the issuance of a no-knock warrant. Specifically, defendant contends that pursuant to <u>Richards v. Wisconsin</u>, 520 U.S. 385, 394 (1997) a no-knock warrant may be issued only upon the showing by the police of a "reasonable suspicion that knocking and announcing their presence, under the particular circumstances, would be dangerous or futile, or that it would inhibit the effective investigation of the crime by, for example, allowing the destruction of evidence." McCloud contends that use of boilerplate language to justify the issuance of a no-knock entry violates the rule set forth in <u>Richards</u> that prohibits the issuance of no-knock warrants where there is no particularized showing that a no-knock warrant is justified under the particular facts of the case.

Based upon a <u>de</u> <u>novo</u> review of the record, I find that when considered as a whole, Officer Springer's affidavit could reasonably support a finding by the Judge issuing the warrant that reasonable suspicion existed for believing that knocking and announcing the search of 56 Garfield Street could have resulted in the destruction of evidence. While the defendant correctly argues that <u>Richards</u> prohibits the issuance of no-knock warrant based solely on generalizations regarding the nature of investigations of drug activity, it is also equally well established that a court may reasonably assume that unless officers are able to act quickly, those engaged in drug trafficking will likely destroy or attempt to dispose of evidence upon being subjected to a search by police. <u>See</u> February 10, 2006 Report and Recommendation at p. 13 (citing cases including <u>Rodriguez v. Butler</u>, 536 F.2d 982, 987 (2nd Cir. 1976)("[a]rguably the presence of easily disposable contraband without more constitutes a sufficient exigency to justify no-knock entry"), <u>cert. denied</u>, 429 U.S. 943 (1976); <u>United States v. Kennedy</u>, 32 F.3d 876, 882 (4th Cir. 1994)(reasonable to assume that experienced narcotics dealers would attempt to destroy evidence unless officers acted quickly), <u>cert. denied</u>, 513 U.S. 1128 (1995)). In this case, although Officer Springer used what defendant characterizes as "boilerplate" language in stating that his experience led him to conclude that persons engaged in illegal drug activity will attempt to destroy evidence if they are

forewarned of an impending search, that conclusion, and the conclusion that the inhabitants of 56 Garfield Street would likely destroy evidence if forewarned of a search is not unreasonable based on the facts recited in the affidavit taken as a whole. Officer Springer set forth facts suggesting that easily disposable amounts of cocaine were present at 56 Garfield Street. This fact, combined with the uncontroverted and unremarkable observation that persons engaged in drug activity often attempt to dispose of evidence of that activity when faced with an imminent search by law enforcement officials, provides reasonable suspicion as required by Richards for concluding that announcing the search would have resulted in the destruction of evidence. I therefore affirm Judge Payson's finding that Officer Springer's affidavit was "sufficient to justify [the issuance of a no-knock warrant] on the grounds that the narcotics sold from that location could easily have been destroyed or discarded if the officers announced their entry." February 10, 2006 Report and Recommendation at ¶ 13.

In addition to finding that the no-knock warrant was valid, Judge Payson found in the alternative that even if there had not been probable cause to issue the warrant, the search conducted at 56 Garfield Street was valid because under the precedent set forth in United States v. Leon, 468 U.S. 897 (1984), the officers conducting the search were reasonably entitled to rely on the validity of the warrant. In Leon, the Supreme Court held that even

in cases where a search warrant may ultimately be found to be defective, a search conducted pursuant to that warrant may nevertheless be valid if the police officers executing the warrant, exercising objective good-faith, relied on a warrant issued by a neutral magistrate.  Judge Payson, relying on Leon, and United States v. Linder and United States v. Chisolm, Nos. 03-CR-6116 and 03-CR-6181, (two cases decided by the Honorable Charles Siragusa of this court in which Judge Siragusa held that even if the boilerplate language of a warrant application did not support the issuance of a no-knock warrant, the officers executing the warrant were entitled to rely on the validity of the warrant under Leon), found that a reasonable officer objectively reviewing the warrant and application supporting the warrant would, in good faith, have believed that the warrant was valid.  I agree with Judge Payson's analysis, and hold that even if the warrant was not supported by probable cause, the search conducted pursuant to the warrant was nevertheless valid because of the executing officers' reasonable reliance on the warrant.  Accordingly I deny defendant's motion to suppress.

ALL OF THE ABOVE IS SO ORDERED.

S/ Michael A. Telesca

_____
    Michael A. Telesca
    United States District Judge

DATED:   Rochester, New York

```
April 28, 2006
```